IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 07-21941-CIV-COOKE/McALILEY

ROBERTO TAZOE, as Personal Representative of
the Estate of RICARDO TAZOE, deceased, *et al.*

Plaintiff,

v.

TAM LINHAS AÉREAS, *et al.*,

Defendants.

## DECLARATION OF ALVIN F. LINDSAY

ALVIN F. LINDSAY declares and states:

1. I am a partner in the firm of Hogan & Hartson L.L.P., counsel for Airbus S.A.S. and Airbus North American Customer Services, Inc. ("ANACS") in cases relating to the crash of TAM Linhas Aéreas Flight 3054 at Congonhas International Airport in São Paulo, Brazil on July 17, 2007 ("the Accident"). I am submitting this declaration on behalf of the Manufacturing Defendants' Reply in Support of Defendants' Motion to Dismiss Based on the *Forum Non Conveniens* Doctrine.

2. Attached as Exhibit 1 is an excerpt from the Brief of Appellants, King v. Cessna Aircraft Co., Case No. 08-11033-A (11th Cir. May 2009).

3. Attached as Exhibit 2 is a chart entitled, "Location of Liability Evidence."

4. Attached as Exhibit 3 is an email with the subject heading, "FW: *Revision (AIT 3) / TAM LINEAS AREAS FLIGHT JJ3054 ACCIDENT IN SAO PAU," dated July 24, 2007.

5. Attached as Exhibit 4 is an excerpt of the transcript of the deposition of Alex Frischmann, dated June 10, 2009.

6. Attached as Exhibit 5 is an email with the subject heading, "RE: AFU Investigation," dated November 21, 2007."

7. Attached as exhibit 6 is a chart entitled, "Plaintiffs' Discovery Deficiencies as of July 27, 2009."

8. Attached as Exhibit 7 is an updated chart entitled, "Location of Plaintiffs' Damages Evidence as of July 27, 2009."

9. Exhibit 8 is a true and correct copy of TAM's Rule 26 Initial Disclosures, dated August 18, 2008.

10. Exhibit 9 is an excerpt from the transcript of the June 9, 2009, hearing before Magistrate Judge Chris McAliley, U.S. District Court for the Southern District of Florida.

11. The complaint in Case No. 08-23923 alleges that the plaintiff, Paulo Calixto, has or will be appointed the personal representative of the estate of Marta Maria Franco Laudares de Almeida. Exhibits 10 and 11, are excerpts from Plaintiff's Answers to Interrogatories and the deposition of Paulo Calixto, respectively, which confirm that Paulo Calixto is not the estate's personal representative.

12. The complaint in Case No. 08-20816 alleges that the plaintiff, Silvia Cestaro, has or will be appointed the personal representative of the estate of Adrien Jeremie Julien Bisson. Exhibits 12 and 13, are excerpts from Plaintiff's Answers to Interrogatories and the deposition of Silvia Cestaro, respectively, which confirm that Silvia Cestaro is not the estate's personal representative.

13. The complaint in Case No. 08-20838 alleges that the plaintiff, Fabiana Casolari

Servulo da Cunha, has or will be appointed the personal representative of the estate of Cassio Vieira Servulo da Cunha.  Exhibits 14 and 15, are excerpts from Plaintiff's Answers to Interrogatories and the deposition of Fabiana Casolari Servulo da Cunha, respectively, which confirm that Fabiana Casolari Servulo da Cunha is not the estate's personal representative.

14. The complaint in Case No. 08-22227 alleges that the plaintiff, Jose Luiz de Almeida Dona, has or will be appointed the personal representative of the estate of Melissa Ura Dona Andrade.  Exhibits 16 and 17, are excerpts from Plaintiff's Answers to Interrogatories and the deposition of Jose Luiz de Almeida Dona, respectively, which confirm that Jose Luiz de Almeida Dona is not the estate's personal representative.

15. The complaint in Case No. 08-22228 alleges that the plaintiff, Jose Luiz de Almeida Dona, has or will be appointed the personal representative of the estate of Andre Ura Dona.  Exhibits 18 and 17, are excerpts from Plaintiff's Answers to Interrogatories and the deposition of Jose Luiz de Almeida Dona, respectively, which confirm that Jose Luiz de Almeida Dona is not the estate's personal representative.

16. The complaint in Case No. 08-22229 alleges that the plaintiff, Jose Luiz de Almeida Dona, has or will be appointed the personal representative of the estate of Alanis Ura Dona de Andrade.  Exhibits 19 and 17, are excerpts from Plaintiff's Answers to Interrogatories and the deposition of Jose Luiz de Almeida Dona, respectively, which confirm that Jose Luiz de Almeida Dona is not the estate's personal representative.

17. The complaint in Case No. 08-23314 alleges that the plaintiffs, Zilma Otilia dos Santos and Zenaide Otilia dos Santos, has or will be appointed co-personal representatives of the estate of Zenilda Otilia dos Santos.  Exhibits 20 and 21, are excerpts from Plaintiff's Answers to Interrogatories and the deposition of Zenaide Otilia dos Santos, respectively, which confirm that

Zilma Otilia dos Santos and Zenaide Otilia dos Santos are not the estate's personal representatives.

18. The complaint in Case No. 08-20813 alleges that the plaintiff, Milton Moller Filho, has or will be appointed the personal representative of the estate of Remy Victoria Moller. Exhibits 22 and 23, are excerpts from Plaintiff's Answers to Interrogatories and the deposition of Milton Moller Filho, respectively, which confirm that Milton Moller Filho is not the estate's personal representative.

19. The complaint in Case No. 08-20834 alleges that the plaintiff, Roger Victoria da Fonseca, has or will be appointed the personal representative of the estate of Deolinda Magaly Victoria da Fonseca. Exhibits 24 and 25, are excerpts from Plaintiff's Answers to Interrogatories and the deposition of Roger Victoria da Fonseca, respectively, which confirm that Roger Victoria da Fonseca is not the estate's personal representative.

20. The complaint in Case No. 08-20844 alleges that the plaintiff, Roger Victoria da Fonseca, has or will be appointed the personal representative of the estate of Carmen Luis Victoria da Fonseca. Exhibits 26 and 25, are excerpts from Plaintiff's Answers to Interrogatories and the deposition of Roger Victoria da Fonseca, respectively, which confirm that Roger Victoria da Fonseca is not the estate's personal representative.

21. The complaint in Case No. 08-23290 alleges that the plaintiffs, Andrea Goncalves Mendes Oguido and Regiany Cristina Lulio, have or will be appointed co-personal representatives of the estate of Marcio Rogerio de Andrade. Exhibits 27 and 28, are excerpts from Plaintiff's Answers to Interrogatories and the deposition of Regiany Cristina Lulio, respectively, which confirm that Andrea Goncalves Mendes Oguido and Regiany Cristina Lulio are not the estate's personal representatives.

22. The complaint in Case No. 08-20827 alleges that the plaintiffs, Sergio Luis Mateddi and Sandra Regina Palomino, have or will be appointed co-personal representatives of the estate of Lucas Palomino Mattedi. Exhibits 29 and 30, are excerpts from Plaintiff's Answers to Interrogatories and the deposition of Sergio Luis Mateddi, respectively, which confirm that Sergio Luis Mateddi is not one of the estate's personal representative.

23. The complaint in Case No. 08-20794 alleges that the plaintiff, Alita Doroti Negretto, has or will be appointed the personal representative of the estate of Cassia Negretto. Exhibits 31, 32, and 33 are excerpts from Plaintiff's Answers to Interrogatories, the deposition of Alita Doroti Negretto, and the deposition of Fabricio Negretto, respectively, which confirm that Alita Doroti Negretto is not the estate's personal representative.

24. The complaint in Case No. 08-20831 alleges that the plaintiffs, Eni Terezinha Fleck de Paula Pessoa and Jose Manoel Albuquerque de Paulo Pessoa, have or will be appointed the co-personal representative of the estate of Fernando Fleck de Paula Pessoa. Exhibits 34 and 35, are excerpts from Plaintiff's Answers to Interrogatories and the deposition of Eni Terezinha Fleck de Paula Pessoa, respectively, which confirm that Eni Terezinha Fleck de Paula Pessoa and Jose Manoel Albuquerque de Paulo Pessoa are not the estate's personal representative.

25. The complaint in Case No. 08-20828 alleges that the plaintiffs, Luis Antonio de Carvalho Salcedo and Cleia Rosa Casagrande Salcedo, have or will be appointed the personal representatives of the estate of Diogo Casagrande Salcedo. Exhibits 36 and 37, are excerpts from Plaintiff's Answers to Interrogatories and the deposition of Cleia Rosa Casagrande Salcedo, respectively, which confirms that Cleia Rosa Casagrande Salcedo is not a personal representative of the estate.

26. The complaint in Case No. 08-20782 alleges that the plaintiff, Evandro Santos,

has or will be appointed the personal representative of the estate of Marli Pedro dos Santos. Exhibits 38 and 39, are excerpts from Plaintiff's Answers to Interrogatories and the deposition of Evandro Santos, respectively, which confirm that Evandro Santos is not the estate's personal representative.

27. The complaint in Case No. 08-20806 alleges that the plaintiff, Lucia Nobue Ogiyama Shiohara, has or will be appointed the personal representative of the estate of Enrico Shiohara. Exhibits 40 and 41, are excerpts from Plaintiff's Answers to Interrogatories and the deposition of Iutaca Shiohara, respectively, which confirm that Lucia Nobue Ogiyama Shiohara is not the estate's personal representative.

28. The complaint in Case No. 08-20808 alleges that the plaintiff, Carmen Dora Amoretty Souza, has or will be appointed the personal representative of the estate of Paulo Rogerio Amoretty Souza. Exhibits 42 and 43, are excerpts from Plaintiff's Answers to Interrogatories and the deposition of Carmen Dora Amoretty Souza, respectively, which confirm that Carmen Dora Amoretty Souza is not the estate's personal representative.

29. The complaint in Case No. 08-20822 alleges that the plaintiff, Irenice Maria da Cunha Souza, has or will be appointed the personal representative of the estate of Ana Carolina Santos da Cunha. Exhibits 44 and 45, are excerpts from Plaintiff's Answers to Interrogatories and the deposition of Irenice Maria da Cunha Souza, respectively, which confirm that Irenice Maria da Cunha Souza is not the estate's sole personal representative.

30. The complaint in Case No. 08-20816 alleges that the plaintiff, Irenice Maria da Cunha Souza, has or will be appointed the personal representative of the estate of Ivanaldo Arruda da Cunha. Exhibits 46 and 45, are excerpts from Plaintiff's Answers to Interrogatories and the deposition of Irenice Maria da Cunha Souza, respectively, which confirm that Irenice

Maria da Cunha Souza is not the estate's sole personal representative.

31.     The complaint in Case No. 08-20819 alleges that the plaintiff, Irenice Maria da Cunha Souza, has or will be appointed the personal representative of the estate of Caio Felipe Santos da Cunha. Exhibits 47 and 45, are excerpts from Plaintiff's Answers to Interrogatories and the deposition of Irenice Maria da Cunha Souza, respectively, which confirm that Irenice Maria da Cunha Souza is not the estate's sole personal representative.

32.     The complaint in Case No. 08-20793 alleges that the plaintiff, Carlos Rogerio Outor Teixeira, has or will be appointed the personal representative of the estate of Douglas Henrique Outor Teixeira. Exhibits 48 and 49, are excerpts from Plaintiff's Answers to Interrogatories and the deposition of Carlos Rogerio Outor Teixeria, respectively, which confirm that Carlos Rogerio Outor Teixeria is not the estate's personal representative.

33.     Exhibit 50 is an excerpt of the transcript of the deposition of Yannick Malinge, dated April 1, 2009.

34.     Exhibit 51 is an excerpt of the transcript of the deposition of Alex Frischmann, dated June 12, 2009.

35.     Exhibit 52 is an excerpt of the transcript of the deposition of Geraldo Costa de Meneses, dated May 6, 2009.

36.     Exhibit 53 is an excerpt from the deposition of John Rockliff, dated June 18, 2009.

37.     Exhibit 54 is an excerpt from the transcript of the May 21, 2008 hearing before U.S. District Court Judge Marcia G. Cooke, U.S. District Court for the Southern District of Florida.

38.     Exhibit 55 is a chart entitled, "Damages Depositions Remaining as of July 27, 2009."

39. Exhibit 56 is a chart entitled, "Liability Depositions Outstanding as of July 27, 2009."

40. Exhibit 57 is a chart entitled, "Liability Depositions Taken as of July 27, 2009."

41. Exhibit 58 is Plaintiffs' Motion to Defer Ruling on Motions to Dismiss and Motion for Summary Judgment Until April 23, 2004, Pending Discovery, King v. Cessna, No. 03-20482 (Jan. 28, 2004).

42. Exhibit 59 is Plaintiffs' Reply in Support of their Motion to Defer Ruling, King v. Cessna, No. 03-20482 (Feb. 17, 2004).

43. Exhibit 60 is an excerpt from Plaintiffs' Response in Opposition to "Cessna's Motion to Dismiss for *Forum Non Conveniens*," King v. Cessna, No. 03-20482 (Aug. 30, 2004).

44. Exhibit 61 is a true and correct copy of the fuel ticket receipt issued for Flight JJ 3054 in Porto Alegre, Brazil.

I swear under penalty of perjury under the laws of the United States and the State of Florida that the preceding statements are true and correct.

        s/ Alvin F. Lindsay
        Alvin F. Lindsay

Dated: July 27, 2009
       Miami, Florida