# EXHIBIT 1

For Opinion See 562 F.3d 1374

United States Court of Appeals,

Eleventh Circuit.

Jack KING, etc., et al., Plaintiffs-Appellants,
v.
CESSNA AIRCRAFT CO., Defendant-Appellee.
No. 08-11033-A.
May, 2008.

On Appeal from the United States District Court for the Southern District of Florida

Brief of Appellants

Podhurst Orseck, P.A., 25 West Flagler Street, Suite 800, Miami, Florida 33130, (305) 358-2800 / Fax (305) 358-2382, Email: jeaton@podhurst.com, Joel D. Eaton, Fla. Bar No.203513.Co-counsel, [FN1], Gerald C. Sterns, Esq. (CSB#029976), Sterns & Walker, 901 Clay Street, Oakland, CA 94607, Telephone: (510) 267-0500, Facsimile: (510) 267-0506.Michael P. Verna, Esq. (CSB#84070), Bowles & Verna, 2121 No. California Blvd. #875, Walnut Creek, CA 94596, Telephone: (925) 935-3300, Facsimile: (925) 935-0371.

FN1 Only in some of the matters, as identified on the Service List.

## *ii TABLE OF CONTENTS

I. STATEMENT OF JURISDICTION ... 1

II. STATEMENT OF THE ISSUE ... 1

WHETHER THE DISTRICT COURT ABUSED ITS DISCRETION IN DISMISSING THE ACTIONS OF THE 69 EUROPEAN PLAINTIFFS FOR FORUM NON CONVENIENS.

III. STATEMENT OF THE CASE. ... 1

A. Course of proceedings, statement of facts, and disposition below ... 1

B. Standard of review ... 18

IV. SUMMARY OF THE ARGUMENT ... 18

V. ARGUMENT ... 20

A. Cessna failed to shoulder its burden of proving that Italy was an adequate alternative forum ... 20

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

in the 69 cases that the district court has now required be started all over again from scratch in Italy. We fail to see to how that furthers the "convenience of the parties" in any way. In our judgment, it does not -- and in its initial order denying Cessna's motion to dismiss, the district court thought not as well.

In that order, it explicitly rejected the alternative of dismissing the foreign plaintiffs' cases while retaining the domestic plaintiff's case because, in its words (including the exclamation point), "[t]his second alternative would result in the two cases proceeding in different jurisdictions, all in the name of convenience itself!" (DE 155, p. 7). Yet that is what the district court has now done. Most respectfully, **41** because all but the damage issues in the 70 cases will be decided in the King family's case, no good reason suggests itself why those issues have to be resolved all over again in an Italian court -- and we respectfully submit that the district court's decision to retain the King family's case moots most, if not all, of the "reasons" given by the district court for dismissing the remainder of the cases.

In any event, the district court also failed to consider three additional factors that should have weighed heavily in the analysis. And as this Court recently held in reversing another *forum non conveniens* dismissal entered by Judge Moreno, a district court abuses its discretion if it considers only the advantages of the proposed foreign forum and fails to consider the advantages of a U.S. forum -- as the district court did in the instant cases when, among other things, it ignored the fact that the plaintiffs' liability witnesses are located in the U.S., and that it would decide the Italian law and liability issues common to all cases in the King family's case. *See Zelaya v. De Zelaya,* 250 Fed. Appx. 943, 947 (11th Cir. 2007). Which brings us to perhaps the most important point that needs to be made here.

The principal pivot upon which any analysis of a *forum non conveniens* motion must turn is the "convenience of the parties." *See La Seguridad v. Transytur Line,* 707 F.2d 1304, 1307 (11th Cir. 1983) ("the touchstone of *forum non conveniens* analysis is convenience"). The European plaintiffs are not complaining of any inconvenience in the forum they have chosen, and an Italian forum will be no more convenient to most of them than the forum they have chosen. The only party complaining of "inconvenience" is Cessna -- but that complaint should strain the **42** credulity of the Court. It is a simple matter of common sense that it is convenient for a U.S. corporation to defend itself against a charge of negligent conduct in the U.S. in its own language in a U.S. court. And the "inconvenience" of a U.S. corporation defending itself in a foreign language in a foreign nation thousands of miles away -- a foreign nation in which it has no presence whatsoever -- is manifestly obvious. We therefore respectfully submit that Cessna's complaint of "inconvenience" is insincere on its face.

Similar motions have struck other courts that way:
This case is puzzling in that frequently the *forum non conveniens* issue is raised by a defendant sued away from home who seeks to convince the court that the balance of relevant factors should be tipped against requiring it to defend in a forum far from its home jurisdiction.... Here, in contrast, Du Pont, which is headquartered in Wilmington, Delaware, and is the largest employer in that state, seeks to move the action against it to a forum more than 3,000 miles away. It is, as Alice said, "curiouser and curiouser." *Cf. Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 510 ... (1947) (referring to plaintiff who objected to suit in his home community as making a "strange argument").

*Lony v. E. I. Du Pont de Nemours & Co.,* 935 F.2d 604, 608 (3d Cir. 1991).

As the Court might expect, the decisional law is replete with cases holding that a defendant's election to incorporate in and conduct its business from the U.S. reflects a willingness to be sued here rather than abroad -- and is a factor that weighs heavily against dismissal on the ground of *forum non conveniens. See, e. g., Peregrine Myanmar Ltd. v. Segal,* 89 F.3d 41, 46 (2d Cir. 1996); *Reid-Walen v. Hansen,* 933 F.2d 1390, 1395-95 (8th Cir. 1991); *Lony v. E. I. Du Pont de Nemours & Co., supra; *43 Lehman v. Humphrey Cayman, Ltd.,* 713 F.2d 339, 346 (8th Cir. 1983); *Manu International, S.A. v. Avon Products, Inc.,* 641 F.2d 62, 67 (2d Cir. 1981); *Founding Church of Scientology of Washington, D.C. v. Verlag,* 536 F.2d 429, 435 (D.C. Cir. 1976).[FN19] The district court did not consider this factor at all.

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

FN19. In this connection, it is worth noting that, where dismissal to a foreign jurisdiction is sought, all U.S. contacts -- not merely contacts with the state in which the action was filed -- are aggregated against the defendant's proposal. *See, e. g., Esfeld v. Costa Crociere, S.P.A.,* 289 F.3d 1300, 1303 (11th Cir. 2002) ("[F]ederal courts, in the forum non conveniens context, do not focus on the connection between the case and a particular state, but rather on the connection of the case to the United States as a whole"); *Mercier v. Sheraton International, Inc.,* 935 F.2d 419, 429-30 (1st Cir. 1991) (same).

An additional "public interest" factor that must be examined in ruling on a motion to dismiss is the "local interest in having localized controversies decided at home." Where, as here, a foreign plaintiffs claim involves the negligent conduct of a U.S. corporation and the center of gravity of the claim lies in the U.S., the decisional law holds that, because U.S. courts have a strong interest in deterring negligent conduct by U.S. corporations, the controversy should be resolved in U.S. courts. *See, e.g., McLennan v. American Eurocopter Corp., Inc.,* 245 F.3d 403, 425 (5th Cir. 2001); *R. Maganlal & Co. v. M.G. Chemical Co., Inc.,* 942 F.2d 164, 169 (2d Cir. 1991); *Lacey v. Cessna Aircraft Co.,* 862 F.2d 38, 48 (3d Cir. 1988); *Carlenstolpe v. Merck & Co., Inc.,* 819 F.2d 33, 35 (2d Cir. 1987); *Friends for All Children, Inc. v. Lockheed Aircraft Corp.,* 717 F.2d 602, 609-10 (D.C. Cir. 1983). The district court gave very little, if any, weight to this factor as well.

The district court also failed to consider the fact that the parties had already **44** expended an enormous amount of time and effort in these cases; had incurred enormous costs for foreign and domestic travel, expert witness fees, translation services and ordinary litigation costs; and had fully prepared for trial, which was scheduled to commence in a few short weeks. Given those circumstances, it was entirely too late and was patently unfair for the district court to dismiss the cases on the eve of trial -- and again, now more than five years into the litigation -- and force the plaintiffs to start all over again in a jurisdiction in which the plaintiffs cannot hire an attorney on a contingent fee basis, in which the nearly 40 depositions taken in the case cannot be used, and in which it will take an additional six to seven years to obtain a resolution at the trial court level (and an additional three to four years at the appellate level) (DE 380).[FN20]

FN20. "Although the absence of a contingency fee system in the foreign jurisdiction alone does not make it an inadequate forum, the court may consider the financial hardship to the plaintiff resulting therefrom as one of the multiple factors to be weighed in determining which forum on balance is more convenient ...". 17 *Moore 's Federal Practice,* §111.74[2][d].

The leading decision on the point is *Lony v. E.I. Du Pont de Nemours & Co.,* 935 F.2d 604, 614 (3d Cir. 1991):
Once the litigation has progressed significantly in the federal court, a different factor enters into the equation, one not previously considered by the Supreme Court in its jurisprudence because it does not appear to have been present in those cases before it.
The *forum non conveniens* doctrine is grounded in concern for the costs that must be expended in litigation and the convenience of the parties. Had the district court denied **45** the motion to dismiss, that order could not have been appealed. Similar considerations of judicial efficiency and expedience counsel that the extent of discovery on the merits already completed must be weighed in favor of retention of jurisdiction in the forum. Otherwise we may be faced with the situation present here, where allegedly new facts uncovered in discovery are used to initiate reconsideration of what should be a preliminary motion.
Motions to dismiss based on *forum non conveniens usually* should be decided at an early stage in the litigation, so that the parties will not waste resources on discovery and trial preparation in a forum that will later decline to exercise its jurisdiction over the case. We are aware that in assessing a *forum non conveniens* motion, "the district court generally becomes entangled in the merits of the underlying dispute" and "must scrutinize the substance of the dispute." However, "the district court's inquiry does not necessarily require extensive investigation, and may be resolved on affidavits presented by the parties," and "does not call for a detailed development of the entire case."
Therefore, we hold today that whenever discovery in a case has proceeded substantially so that the parties already have

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.