# EXHIBIT 58

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-20482-CIV-MORENO

JACK KING, a resident of California as Personal
Representative of the Estate of JESSICA KING,
Deceased, a resident of California,

**AND RELATED CASES**

Plaintiffs,

vs.

CESSNA AIRCRAFT CO., a Kansas corporation;
and JEPPESEN SANDERSON, INC., a Delaware
corporation d/b/a JEPPESEN COMPANY,

Defendants.
_____/

### PLAINTIFFS' MOTION TO DEFER RULING ON MOTIONS TO DISMISS AND MOTION FOR SUMMARY JUDGMENT UNTIL APRIL 23, 2004, PENDING DISCOVERY

Plaintiffs respectfully move the Court to defer ruling on Defendant Cessna's Motion to Dismiss for Forum Non-Conveniens and Defendant Jeppesen Sanderson, Inc.'s Motion for Summary Judgment and Motion to Dismiss Pursuant to F.R.C.P. 12(b)(3) on the Ground of Forum Non-Conveniens until April 23, 2004, pending discovery.[1] The motions raise numerous factual issues, none of which have been explored through discovery. For example, Jeppesen Sanderson's motion for summary judgment is premised on its claim that it had nothing to do with the faulty airport

---

[1] Pursuant to this Court's Scheduling Order entered January 21, 2004, the deadline for all non-expert discovery is April 9, 2004. Plaintiffs request ten (10) days from the close of non-expert discovery (until April 23, 2004) to respond to the motions. Plaintiffs are currently drafting the appropriate discovery requests that will be served shortly after, if not concurrently, with the present Motion. Depositions, including but not limited to the eight (8) affiants that have supported the motions, are currently being coordinated with counsel for the Defendants.

CASE NO. 03-20482-CIV-MORENO

diagrams that are alleged in the Complaint to have caused and/or contributed to the aircraft accident that is the subject of this suit. Jeppesen Sanderson claims the actual entity involved is its German sister company, Jeppesen GmbH.

It is well-settled that a forum non conveniens motion requires an extensive analysis of the relevant factors, including the location of witnesses and the location of documentary evidence. Jeppesen Sanderson's Forum Non Conveniens Motion again involves the factual relationship between that company and Jeppesen GmbH. Cessna's Form Non-Conveniens Motion raises numerous additional issues of fact that require discovery.

Moreover, Plaintiffs have settled with all the relevant foreign parties (Scandinavia Airlines System, SAS Sverige AB, Ace Global Market, Ltd. and other co-insurers, Eschmann and Air Evex GmbH, Allianz Marine & Aviation Versicherungs-Aktiengesellschaft, Enav SpA, Assicurazioni Generali SpA and other co-insurers, Societa Esercizi Aeroportauli SpA together with its leading co-insurer Riunione Adriatica Di Sicurta SpA and other co-insurers and Ente Nazionale Per L'Aviazione Civile) and dismissed their criminal and civil proceedings against those parties. Accordingly, all European aspects of this case have been resolved. The settlements were specifically handled this way because Cessna and Jeppesen Sanderson would not submit to the jurisdiction of Italian Courts that would have subjected them to the criminal case in Europe. Now that the Italian criminal and civil cases are closed, Cessna and Jeppesen Sanderson cannot seek to now submit to that foreign jurisdiction.

The actions of the settled European parties are now only relevant to support affirmative defenses available to Cessna and Jeppesen. As discovery and our response to the Forum Non

PodhurstOrseck, P.A.
25 West Flagler Street, Suite 800, Miami, FL 33130. Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346    www.podhurst.com

CASE NO. 03-20482-CIV-MORENO

Conveniens Motion will demonstrate, the Defendants will have access to all of the information they need to present those defenses in this Court.

At the heart of this case, however, are the actions taken primarily in the United States by these United States' companies. The crucial discovery in this case will involve Cessna's efforts from the United States to market and sell the subject Cessna Citation. Cessna's guidelines and standards governing their planning and operation of promotional sales flights and the steps they took (or failed to take) to ensure that the pilots they contracted to operate the subject flight were experienced and qualified to safely operate the Cessna Citation are the focus of this action. To properly respond to the Motions and meet our responsibilities both to our clients and to the Court, Plaintiffs' counsel must be permitted to take discovery relevant to the specific factual matters raised by the Motions as well as to those factors raised in every forum non-conveniens analysis.

## MEMORANDUM OF LAW

"The Supreme Court has made it clear that summary judgment is inappropriate unless a tribunal permits the parties adequate time for discovery." *Dunkin' Donuts of America v. Medilergical Exoproducts Corp.*, 840 F.2d 917, 919 (Fed. Cir. 1988) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986)); *see also Cedillo v. Int'l Ass'n of Bridge and Structural Iron Workers, Local Union No. 1*, 603 F.2d 7, 12 (7th Cir. 1979) ("[W]here plaintiff was effectively denied the opportunity to engage in [necessary] discovery, we hold that entry of summary judgment is inappropriate."). As is clear from the face of Jeppesen Sanderson's Motion for Summary Judgment and as is further set forth in the Affidavit of Ricardo M. Martinez-Cid attached hereto as Exhibit A,

-3-

PodhurstOrseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130. Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346   www.podhurst.com

Plaintiffs are entitled to take discovery on the issues raised therein and a ruling on this motion at the inception of litigation before any discovery has taken place would be inappropriate.

Plaintiffs are also entitled to discovery on all of the issues raised in the motions to dismiss based on forum non-conveniens. The same material issue of fact regarding the distinction between Jeppesen Sanderson and Jeppesen GmbH is involved in Jeppesen Sanderson's Motion to Dismiss. Cessna's Motion to Dismiss raises numerous issues of fact as well. Specifically, Cessna made arrangement for the fateful demonstrative flight involved in the fatal October 8, 2001, disaster. Plaintiffs need discovery to uncover Cessna's actions here in the United States that caused and/or contributed to the crash. Plaintiffs need discovery on Cessna's efforts to sell the Cessna Citation aircraft. They need discovery on the standards governing the arrangement of promotional flights, and they need to explore Cessna's investigation (or lack thereof) into the competency of the flight crew they utilized that were unfamiliar with the Linate airport and/or were not competent or experienced enough to safely conduct the flight.

Moreover, any detailed forum non conveniens analysis requires a developed factual record. *See, e.g., Eastman Kodak Co. v. Kavlin*, 978 F.Supp. 1078, 1082 (S.D. Fla. 1997) (allowing motions to dismiss to remain pending for eleven (11) months "to allow the parties discovery on . . . personal jurisdiction and forum non-conveniens issues"). Indeed, "[d]ismissal of a complaint before any discovery has taken place is even more drastic." *Tondas v. Amateur Hockey Ass'n of United States*, 438 F. Supp. 310, 314 (W.D.N.Y. 1977) (citing *Egelston v. State Univ. Coll.*, 535 F.2d 752 (2d Cir. 1976)). "[D]iscovery should precede consideration of dispositive motions when the facts sought to be discovered are relevant to consideration of the particular motion at hand." *Coastal States Gas*

CASE NO. 03-20482-CIV-MORENO

*Corp. v. Dep't of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979) (citing *Canavan v. Beneficial Fin. Corp.*, 553 F.2d 860, 865) (3d Cir. 1977); *Fraley v. Chesapeake & Ohio Ry. Co.*, 397 F.2d 1 (3d. Cir. 1968). All of the issues that have been raised in the motions are, of course, relevant to the Court's consideration and analysis.

Wherefore, Plaintiffs respectfully move the Court to defer consideration of the motions until Plaintiffs have had an opportunity to conduct discovery in this case and respond to those motions. It is respectfully requested until April 9, 2004, to complete that discovery and until April 23, 2004 to file our responses.

Alternatively, should the Court deny Plaintiffs' motion to defer ruling and not permit Plaintiffs to conduct any discovery on the factual matters raised by the motions, Plaintiffs move the Court for twenty (20) days from the date of that Order to respond to the motions.

## RULE 7.1 CERTIFICATION

Undersigned counsel and counsel for Jeppeson Sanderson, Inc. have conferred in a good faith effort to resolve the issues raised in this Motion and have been unable to do so. Undersigned counsel has made a reasonable effort to confer with counsel for Cessna Aircraft Co., but because both Henry Knoblock and Herbert Kim have been out of town and unreachable, has been unable to do so.

-5-

CASE NO. 03-20482-CIV-MORENO

WE HEREBY CERTIFY that a true and correct copy of the foregoing was sent to all counsel on the attached service list on this 28 day of January, 2004.

> PODHURST ORSECK, P.A.
> 25 West Flagler Street, Suite 800
> Miami, Florida 33130
> (305) 358-2800 / Fax (305) 358-2382
>
> By: _____
> AARON S. PODHURST
> Fla. Bar No. 063606
> STEVEN C MARKS
> Fla. Bar No. 516414
>
> Co-counsel[2]:
>
> Gerald C. Sterns, Esq. (CSB# 029976)
> Sterns & Walker
> 901 Clay Street
> Oakland, CA 94607
> Telephone: (510) 267-0500
> Facsimile: (510) 267-0506
>
> -and-
>
> Michael P. Verna, Esq.
> Bowles & Verna
> 2121 No. California Blvd. #875
> Walnut Creek, CA 94596
> Telephone: 925-935-3300
> Facsimile: 925-935-0371
> Email: mverna@bowlesverna.com

---

[2] Only in some of the matters, as identified on the Service List.

-6-

CASE NO. 03-20482-CIV-MORENO

## SERVICE LIST

| | |
|---|---|
| Henry Knoblock, Esq.<br>KNOBLOCK & DOHNER, P.A.<br>7901 S.W. 67th Avenue, Suite 100<br>Miami, Florida 33143<br>Telephone: (305) 669-9965<br>Facsimile: (305) 669-6169 | ***Counsel for Cessna Aircraft Company*** |
| Edward A. Moss, Esq.<br>SHOOK, HARDY & BACON L.L.P.<br>Miami Center, Suite 2400<br>201 South Biscayne Boulevard<br>Miami, Florida 33131-4332<br>Telephone: (305) 358-5171<br>Facsimile: (305) 358-7470 | ***Counsel for Jeppesen*** |
| Keith Gerard, Esq.<br>PERKINS COIE, LLP<br>1201 Third Avenue, 48th Floor<br>Seattle, Washington 98101-3099 | ***Counsel for Jeppesen*** |
| Gerald C. Sterns, Esq.<br>STERNS & WALKER<br>901 Clay Street<br>Oakland, CA 94607<br>Telephone: (510) 267-0500<br>Facsimile: (510) 267-0506<br><br>Michael P. Verna, Esq.<br>BOWLES & VERNA<br>2121 No. California Blvd. #875<br>Walnut Creek, CA 94596<br>Telephone: 925-935-3300<br>Facsimile: 925-935-0371<br>Email: mverna@bowlesverna.com | ***Counsel for Plaintiffs Inger Marie Felthaus, Renato Cairo, Marco Cantu, Mette Friboe Garde, Laura Fogliani, Marianne Olesen, Franco Frigerio, Pasquale Padovano, Lorenzo Perrinaroli, Osvaldo Rosello, Peppino Salati, Simone Agosti, Michele Fontana, Riccardo Gioacchini, Finn Lassen, Andrea Conte, Maurizio Pesapane, Giancarlo Savio, Riccardo Poli, Massimo Prandi, Filippo Fredaroli, Valentina Giumelli, Francesco Moscatello, and Natalie Kaye Micallef*** |
| R. W. Payne, Jr., Esq.<br>3645 South Bayshore Dr., Suite 1503<br>Miami, Florida 33133 | ***Counsel for Plaintiff Barbara Brega*** |

-7-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-20482-CIV-MORENO

JACK KING, a resident of California as Personal
Representative of the Estate of JESSICA KING,
Deceased, a resident of California,

      Plaintiffs,

vs.

CESSNA AIRCRAFT CO., a Kansas corporation;
and JEPPESEN SANDERSON, INC., a Delaware
corporation d/b/a JEPPESEN COMPANY,

      Defendants.
_____/

## AFFIDAVIT OF RICARDO M. MARTINEZ-CID

STATE OF FLORIDA      )
                              ) SS:
COUNTY OF DADE      )

      BEFORE ME, the undersigned authority, personally appeared RICARDO M. MARTÍNEZ-CID, who, after first being duly sworn under oath, deposes and says:

      1.      I am over 21 years of age and am otherwise competent to make this Affidavit based on personal knowledge unless otherwise stated.

      2.      I am an attorney at Podhurst Orseck, P.A., serving with Aaron S. Podhurst and Steven C. Marks as counsel for Plaintiffs in this and related cases.

      3.      I am submitting this Affidavit pursuant to Fed. R. Civ. P. 56(f).

      4.      Jeppesen Sanderson, Inc. has filed a Motion for Summary Judgment and a Motion to Dismiss based primarily on a disputed material fact that Jeppesen Sanderson, Inc. has nothing to do with and is not responsible for the actions complained of in the Complaint. Specifically,



Jeppesen Sanderson, Inc. claims that a German sister company, Jeppesen GmbH, is the party responsible.

5. Cessna Aircraft Co. has filed a Motion to Dismiss for Forum Non Conveniens that raises numerous disputed factual issues such as the nature of its involvement in the operation of the Cessna Citation aircraft involved in the fatal crash on October 8, 2001, and the details of the investigation of that accident.

6. Upon information and belief, Cessna made arrangements for the fateful demonstration flight from here in the United States. Cessna's policies and procedures for the organization and operation of such flights are established in the United States and are meant to be followed by their United States' employees. Cessna's direct or indirect hiring of a flight crew for the demonstration flight and all the actions they took or failed to take to ensure their adequacy will be discoverable in the United States.

7. No discovery has yet been taken in this action. The Court's January 21, 2004, Scheduling Order provides an April 9, 2004, deadline to complete all non-expert discovery.

8. Aaron Podhurst, Steve Marks and I have conferred and believe that the only way to properly represent our clients and meet our obligations to the Court to properly brief and present the relevant issues is to take discovery on factual issues raised by the motions and the accompanying eight (8) supporting affidavits, as well as to explore facts germane to a forum non conveniens analysis.

9. Plaintiffs are currently drafting the appropriate discovery requests that will be served shortly after, if not concurrently, with the present Affidavit. Depositions that will include, but are not limited to, the eight (8) affiants that have supported the motions are currently being coordinated with counsel for the Defendants.

CASE NO. 03-20482-CIV-MORENO

10. If Plaintiffs are not permitted to conduct discovery before responding to the motions, they will be prejudiced and the Court will not have the benefit of the true facts relevant to a forum non-conveniens and summary judgment analysis.

FURTHER AFFIANT SAYETH NOT.

_____
RICARDO M. MARTINEZ-CID

STATE OF FLORIDA    )
                    ) SS:
COUNTY OF DADE      )

The foregoing instrument was acknowledged before me this 28th day of January, 2004, by RICARDO M. MARTINEZ-CID, who is personally known to me or who has produced _____ as identification.

_____
Notary Public - State of Florida

ALINA RICHARD
(Name of Acknowledger Typed, Printed or Stamped)

[Notary Seal: ALINA RICHARD, MY COMMISSION # DD 050939, EXPIRES: August 16, 2005]

My Commission Expires:

3