# EXHIBIT 59

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 03-20482 CIV-MORENO

NIGHT BOX
FILED

FEB 17 2004

CLARENCE MADDOX
CLERK, USDA / SDFL / MIA

JACK KING, a resident of California,
as Personal Representative of the Estate
of JESSICA KING, Deceased, a resident
California,

       Plaintiff,

vs.

CESSNA AIRCRAFT CO., a Kansas
corporation and JEPPESEN SANDERSON,
INC., a Delaware corporation d/b/a JEPPESEN
COMPANY,

       Defendants.
_____/

## PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO DEFER RULING[1]

Plaintiffs' Motion to Defer Ruling filed January 28, 2004, moves the Court for permission "to take discovery relevant to the specific factual matters raised by the Motions [to Dismiss for Forum Non-Conveniens], as well as to those factors raised by every forum non-conveniens analysis." (Motion at 3.) Recognizing that Plaintiffs are entitled to the discovery requested, Cessna and Jeppesen Sanderson filed responses agreeing with Plaintiffs' Motion. Those responses, however, also went on at length requesting that the scope of discovery be limited. Because Plaintiffs only requested

---

[1] Jeppesen Sanderson, Inc. has withdrawn its Motion for Summary Judgment. Accordingly, this Reply addresses only issues relating to the Motions to Dismiss for Forum Non-Conveniens.

PodhurstOrseck

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346    www.podhurst.com

Case No. 03-20482 CIV-MORENO

discovery on factual and legal issues raised by the Motions to Dismiss for Forum Non-Conveniens, the parties seem to be in agreement.

Plaintiffs are concerned, however, that Cessna and Jeppesen Sanderson's unnecessary arguments regarding the scope of discovery are just a prelude to later attempts to further narrow the scope of discovery to exclude relevant issues that Plaintiff will clearly be entitled to explore. Therefore, for the sake of clarity and to prevent any future discovery motions, Plaintiffs request the Court acknowledge the appropriate scope of discovery to include all issues raised in the Motions to Dismiss and the attached affidavits.

For instance, Jeppesen Sanderson, Inc.'s Motion to Dismiss and the attached Affidavits of Hermann Dudda and Christine Jones discuss the relationship between Jeppesen Sanderson, Inc. and its German sister company, Jeppesen GmbH. The Motion and Affidavits also discuss Jeppesen's policies and procedures by which aviation navigational aids, products and services are designed, manufactured and sold by Jeppesen Sanderson. Discovery into these assertions is necessary to provide a meaningful response to the Motion to Dismiss.

Moreover, Jeppesen Sanderson's Motion and the Affidavit of Richard S. Breuhaus also discuss the investigation of the Cessna accident on October 8, 2001, and the involvement in that investigation of The Boeing Company, of which Jeppesen Sanderson is a wholly owned subsidiary. Of course, Plaintiffs are not forced to accept the Motion to Dismiss' factual representations as true and the attached Affidavits at face value. Instead, Plaintiffs are entitled to test and explore these factual issues - in addition to the other legal and factual issues raised by the forum non-conveniens analysis.

2

With respect to Cessna's Motion to Dismiss for Forum Non-Conveniens and the attached Affidavits of Trevor Eseling and Marisa Maretti, there are also similar factual assertions on which discovery is warranted. The Motion to Dismiss and the attached affidavits make lengthy assertions regarding Cessna's involvement and responsibility for the hiring, selection of flight crew, operation, and oversight of the Cessna Citation involved in the accident. Also, Cessna's Motion and the attached Affidavit of its counsel, Henry M. Knoblock, make assertions regarding the investigation into the Cessna accident of October 8, 2001. Of course, Plaintiffs are entitled to discovery to ascertain the validity of the factual assertions on which Cessna relies as well as all forum non-conveniens issues.

WHEREFORE, based upon the parties apparent agreement, Plaintiffs respectfully move the Court to enter an Order deferring consideration of the Motions to Dismiss for Forum Non-Conveniens until they have had an opportunity to conduct the necessary discovery on all of the relevant issues. Plaintiffs respectfully request until April 9, 2004, to complete this relevant discovery and until April 23, 2004, to file their opposition.

WE HEREBY CERTIFY that a true and correct copy of the foregoing was sent to the following via U.S. Mail, this ___ day of February, 2004, to all counsel on the attached Service List.

PODHURST ORSECK, P.A.
25 West Flagler Street, Suite 800
Miami, Florida 33130
(305) 358-2800 / Fax (305) 358-2382

By: _____
AARON S. PODHURST
Fla. Bar No. 063606
STEVEN C MARKS
Fla. Bar No. 516414

3

Case No. 03-20482 CIV-MORENO

Co-counsel[2]:

Gerald C. Sterns, Esq. (CSB# 029976)
Sterns & Walker
901 Clay Street
Oakland, CA 94607
Telephone: (510) 267-0500
Facsimile: (510) 267-0506

-and-

Michael P. Verna, Esq.
Bowles & Verna
2121 No. California Blvd. #875
Walnut Creek, CA 94596
Telephone: 925-935-3300
Facsimile: 925-935-0371
Email: mverna@bowlesverna.com

---

[2] Only in some of the matters, as identified on the Service List.

Case No. 03-20482 CIV-MORENO

## SERVICE LIST

Henry Knoblock, Esq.  **Counsel for Cessna Aircraft Company**
KNOBLOCK & DOHNER, P.A.
7901 S.W. 67th Avenue, Suite 100
Miami, Florida 33143
Telephone: (305) 669-9965
Facsimile: (305) 669-6169

Edward A. Moss, Esq.  **Counsel for Jeppesen**
SHOOK, HARDY & BACON L.L.P.
Miami Center, Suite 2400
201 South Biscayne Boulevard
Miami, Florida 33131-4332
Telephone: (305) 358-5171
Facsimile: (305) 358-7470

Keith Gerrard, Esq.  **Counsel for Jeppesen**
PERKINS COIE, LLP
1201 Third Avenue, 48th Floor
Seattle, Washington 98101-3099
Telephone: (206) 583-8462
Facsimile: (206) 539-8500

Gerald C. Sterns, Esq.  **Counsel for Plaintiffs Inger Marie**
STERNS & WALKER  **Felthaus, Renato Cairo, Marco Cantu,**
901 Clay Street  **Mette Friboe Garde, Laura Fogliani,**
Oakland, CA 94607  **Marianne Olesen, Franco Frigerio,**
Telephone: (510) 267-0500  **Pasquale Padovano, Lorenzo Perrinaroli,**
Facsimile: (510) 267-0506  **Osvaldo Rosello, Peppino Salati, Simone**
  **Agosti, Michele Fontana, Riccardo**
Michael P. Verna, Esq.  **Gioacchini, Finn Lassen, Andrea Conte,**
BOWLES & VERNA  **Maurizio Pesapane, Giancarlo Savio,**
2121 No. California Blvd. #875  **Riccardo Poli, Massimo Prandi, Filippo**
Walnut Creek, CA 94596  **Fredaroli, Valentina Giumelli, Francesco**
Telephone: 925-935-3300  **Moscatello, and Natalie Kaye Micallef**
Facsimile: 925-935-0371
Email: mverna@bowlesverna.com

5

Case No. 03-20482 CIV-MORENO

R. W. Payne, Jr., Esq.  *Counsel for Plaintiff Barbara Brega*
2645 South Bayshore Dr., Suite 1503
Miami, Florida 33133

PodhurstOrseck

6

25 West Flagler Street. Suite 800. Miami, FL 33130. Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954 463 4346    www.podhurst.com