# EXHIBIT 60

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 03-20482 CIV-MORENO

JACK KING, a resident of California,
as Personal Representative of the Estate
of JESSICA KING, Deceased, a resident
of California, and sixty-nine other wrongful
death claimants, pursuant to this Court's
Order of Consolidation,

AND RELATED CASES



Plaintiffs,

vs.

CESSNA AIRCRAFT CO., a Kansas
corporation,

Defendant.

_____/

## PLAINTIFFS' RESPONSE IN OPPOSITION TO "CESSNA'S MOTION TO DISMISS FOR *FORUM NON CONVENIENS*"

For their response in opposition to "Cessna's Motion to Dismiss for *Forum Non Conveniens*," the plaintiffs would briefly and respectfully show:

### INTRODUCTION

Cessna has moved to dismiss all 70 of these cases on the ground of *forum non conveniens*, contending that the only appropriate forum for them is in an Italian court applying Italian law. It makes essentially four arguments. It argues that Italy is an available and adequate alternative forum. It argues that the strong presumption of correctness and considerable deference ordinarily given to a plaintiff's choice of forum can be ignored because all but one of the plaintiffs' decedents (and the one personal injury claimant) were

discovery difficulties and considerable expense -- and given the "unfortunate . . . slowness of our Italian judicial system," resolution of the cases would take from three to five years at the trial level, and another three to five years if an appeal were taken. Expert witness affidavit of Claudio Ceriani and attached report, at p. 3 (App. A). In contrast, considerable monies have been expended in travel, in the hiring of experts and in preparation of their reports, and in the transcription of depositions; discovery on the liability issues is essentially complete; and the cases are scheduled for trial in December of this year.[1]

Because justice delayed is justice denied, the only *adequate* forum for timely resolution of the plaintiffs' claims appears to be this Court. *See Boosey & Hawkes Music Publishers, Ltd. v. Walt Disney Co.*, 145 F.3d 481, 492 (2d Cir. 1998) (reversing trial court's dismissal where, among other things, "necessary evidence and witnesses are available . . . [and a] trial here promises to begin and end sooner than elsewhere"); *Lony v. E.I. Du Pont de Nemours & Co.*, 935 F.2d 604, 614 (3d Cir. 1991) ("we hold today that whenever discovery in a case has proceeded substantially so that the parties already have invested much of the time and resources they will expend before trial, the presumption against dismissal on the grounds of *forum non conveniens* greatly increases"); *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1227-28 (3d Cir. 1995) (recognizing that excessive delay in proposed alternative's judicial system can support the denial of a motion to dismiss for *forum non conveniens*). Nevertheless, there are far more important reasons to deny Cessna's motion to dismiss, so we will not dwell on this point.

---

[1] Plaintiffs' counsel has traveled to Milan, London, Frankfurt, and Wichita to take numerous depositions. Although Cessna informed the court at the last hearing that it needed to do extensive discovery in Italy, it has taken only one deposition in the case to date, in Los Angeles.

- 4 -

PodhurstOrseck

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346   www.podhurst.com

terribly inconvenient for it to defend itself at home -- its motion to dismiss should strike the court as curious indeed.[2/] Similar motions have struck other courts that way:

> This case is puzzling in that frequently the *forum non conveniens* issue is raised by a defendant sued away from home who seeks to convince the court that the balance of relevant factors should be tipped against requiring it to defend in a forum far from its home jurisdiction. . . . Here, in contrast, Du Pont, which is headquartered in Wilmington, Delaware, and is the largest employer in that state, seeks to move the action against it to a forum more than 3,000 miles away. It is, as Alice said, "curiouser and curiouser." *Cf. Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 510, 67 S. Ct. 839, 843, 91 L. Ed. 1055 (1947) (referring to plaintiff who objected to suit in his home community as making a "strange argument").

*Lony v. E.I. Du Pont de Nemours & Co.*, 935 F.2d 604, 608 (3d Cir. 1991).

Cessna's insistence upon the "inconvenience" of defending itself in its own home nation and its preference for litigating in Italy seems all the more curious in light of the contracts it had with the only two persons involved in its sales effort in Italy at the time of the accident in suit. Its "Agency Agreement" with Stefano Romanello, the Italy-based Cessna employee who died in the accident, provided in pertinent part:

> This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of Kansas, U.S.A., and each of the parties irrevocably submits to the jurisdiction of the Kansas Courts as regards to any claim or matter arising out hereof.

(App. J, p. 17).

---

[2/] At the time of the accident, Cessna had one employee located in Italy -- Stefano Romanello, the regional sales manager who died in the accident. Mr. Romanello was replaced by Allesandro Barizzi, who is located in Switzerland. (Depo. of Barizzi, pp. 5-6, 13-14; depo. of Esling, pp. 40-42, 129, 149).

- 13 -

PodhurstOrseck

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346    www.podhurst.com

Similarly, its "Authorized Sales Representative Agreement" with Marisa Maretti, purportedly an independent contractor based in Monaco who was exclusively authorized to solicit sales of Citation Jets in Italy, provided that it "shall be governed in all respects and shall be construed, and the legal relationships between the parties shall be determined, in accordance with applicable commercial law of the State of Kansas, U.S.A." (App. K, p. 18). The contract provided further that "[a]ll disputes arising from or in connection with this Agreement shall be submitted to binding arbitration to be held in Wichita, Kansas, in the English language, by three independent arbitrators in accordance with the rules of the American Arbitration Association . . . ." *Id.*

Cessna's insistence that all disputes with its Italian representatives be resolved in the United States, rather than in Italy, reflects a willingness to be sued in the United States, rather than in Italy -- or at the least, that it would not be inconvenient for it to defend itself here. And, as the Court might expect, the decisional law is replete with cases holding that a defendant's election to incorporate in and conduct its business from the United States reflects a willingness to be sued here rather than abroad -- and is a factor that weighs heavily against dismissal on the ground of *forum non conveniens. See, e. g., Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41, 46 (2d Cir. 1996); *Reid-Walen v. Hansen*, 933 F.2d 1390, 1395-96 (8th Cir. 1991); *Loney v. E. I. Du Pont de Nemours & Co.*, 886 F.2d 628, 634 (3d Cir. 1989); *Lehman v. Humphrey Cayman, Ltd.*, 713 F.2d 339, 346 (8th Cir. 1983), *cert. denied*, 464 U.S. 1042 (1984); *Manu International, S.A. v. Avon Products, Inc.*, 641 F.2d 62, 67 (2d Cir. 1981); *Founding Church of Scientology of Washington, D.C. v. Verlag*, 536 F.2d 429, 435

PodhurstOrseck

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346 | www.podhurst.com

(D.C. Cir. 1976).[4]

Just as the "center core" of Cessna's worldwide marketing and sales effort is in the United States (Depo. of Esling, pp. 148-49), the center of gravity of the plaintiffs' claims against Cessna lies in the United States -- not in Italy. Discovery has revealed that Cessna maintains a fleet of approximately 10 aircraft and a flight department staffed with 23 pilots, all located in Wichita, for the principal purpose of conducting demonstration flights for prospective customers (Depos. of Nolte, pp. 5, 12, 15, 23, 29; Veith, p. 8; Luethye, p. 19; Whyte, p. 33). Cessna regularly sends these aircraft and its pilots on stateside and worldwide, three to four week tours for this purpose (Depos. of Perry, p. 25; Duhnke, pp. 18-21; Veith, pp. 16-17; Luethye, pp. 25-26; Nolte, pp. 27, 46-47, 56; Esling, pp. 71-72). Its pilots receive rigorous training in the safe conduct of these demonstration flights, and must satisfy a number of competency and experience requirements before they are deemed qualified to do so (Depo. of Nolte, pp. 8, 15-18). Demonstration flights are also governed by a lengthy and detailed "Flight Operations Policies and Procedures Manual" published by Cessna for its demonstration pilots (App. L).[5] Among numerous other details, the manual prohibits IFR Category II and Category III approaches, and it prohibits both taxi and takeoff when visibility on the surface is less than 800 feet, or roughly 250 meters (Depo. of Nolte,

---

[4] In this connection, it is worth noting that, where dismissal to a foreign jurisdiction is sought, all United States contacts -- not merely contacts with the state in which the action was filed -- are aggregated against the defendant's proposal. See, e.g., Mercier v. Sheraton International, Inc., 935 F.2d 419, 429-30 (1st Cir. 1991).

[5] At the time the depositions of the several Wichita employees engaged in marketing and sales were taken, Cessna had produced only a May 2003 manual. Days before this response was due, Cessna produced a December 2000 manual (App. M). Although the May 2003 manual is far more extensive, the two do not differ in material respect for our purposes here.

- 15 -

PodhurstOrseck

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346    www.podhurst.com

pp. 39-40; App. L, p. 18; App. M, p. 16).

From all that appears in the discovery to date, Cessna conducted all of its demonstration flights everywhere in the world, except on occasion in Europe, with its own planes and pilots, and with rare exception did not trust this aspect of its marketing and sales efforts to chartered aircraft and crews (Depos. of Magot, pp. 19-20; Duhnke, pp. 18-21; Luethye, pp. 21-22, 26-28, 34-36, 39; Nolte, p. 30; Paolucci, p. 19; Whyte, p. 33). Although Cessna scheduled tours totaling 18-20 weeks per year in Europe, the Middle East, and Africa, approximately 10% of the demonstration flights conducted in Europe were conducted with chartered aircraft and crews (Depos. of Perry, pp. 25, 31; Esling, pp. 68-72, 93-94).

Inexplicably, Cessna did not provide its policies and procedures manual to its European sales personnel; indeed, Cessna provided it sales force with no policies, procedures, or guidelines whatsoever concerning the chartering of aircraft and crews, or weather minimums for demonstration flights, or anything else -- not even a list of approved charter companies (Depos. of Magot, pp. 16, 34; Tatum, pp. 38, 45; Barizzi, pp. 15-18, 32; Perry, pp. 61, 67-69, 74, 81, 105; Duhnke, pp. 21-23; Veith, pp. 22, 34, 37-38; Nolte, pp. 30, 41-42, 61; Paolucci, pp. 23, 26, 29-30; Whyte, pp. 12, 18; Esling, pp. 71-72, 98, 198-99). Cessna's Senior Vice-President for Sales and Marketing conceded the point this way: "The policy, such as it is, it's not a policy." (Depo. of Whyte, pp. 6, 32). The only "policy" that appears anywhere in the record is that the charter company had to be a licensed charter company, and no investigation beyond that fact was ever conducted (Depo. of Magot, pp. 17-18; Perry, pp. 74, 81; Esling, p. 98).

Concerning the demonstration flight at issue here, Stefano Romanello phoned his superior in the United Kingdom, Trevor Esling, and asked for permission to charter a CJ2

for a demonstration flight (Depo. of Esling, p. 90). Because Air Evex's owner had purchased a CJ2 only weeks before, Mr. Esling suggested that the charter be arranged with that company (Depo. of Esling, pp. 90, 237).[6] Mr. Esling knew the chief pilot of Air Evex, but he knew nothing else about the company; he did not investigate it in any way; and he simply assumed that it was licensed (Depo. of Esling, pp. 79-81, 98). Mr. Romanello made the arrangements -- and the rest is tragic history.

Mr. Romanello knew of the weather conditions at the time he boarded the aircraft, of course; and it is readily inferable that had he known that demonstration flights were prohibited in those conditions by the policies and procedures in place for Cessna-operated demonstration flights, the tragedy that is the subject of the plaintiffs' claims would not have occurred. Most respectfully, the center of gravity of Cessna's negligent conduct and the plaintiffs' claims lies squarely in the place from which Cessna conducts its manufacturing and worldwide marketing and sales business, the United States. Most of the witnesses to that conduct are in Kansas. There are a handful of (already deposed) witnesses located in various countries in Europe, to be sure -- but there are *no* witnesses in Italy. Cessna's contention that this case lacks a significant connection to the United States is simply wrong.

One of the "public interest" factors to be examined in ruling on a motion to dismiss is the "local interest in having localized controversies decided at home." Where, as here, a foreign plaintiff's claim involves the negligent conduct of a United States corporation and the center of gravity of the claim lies in the United States, the decisional law holds that, because United States courts have a strong interest in deterring negligent conduct by United

---

[6] According to the ANSV report, the CJ2 was not owned by Air Evex, and it was not registered on Air Evex's Aircraft Operating Certificate (App. H, pp. 23-24).

- 17 -

PodhurstOrseck

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346    www.podhurst.com

States corporations, the controversy should be resolved in United States courts. *See, e.g., McLennan v. American Eurocopter Corp., Inc.*, 245 F.3d 403, 425 (5th Cir. 2001); *R. Maganlal & Co. v. M.G. Chemical Co., Inc.*, 942 F.2d 164, 169 (2d Cir. 1991); *Lacey v. Cessna Aircraft Co.*, 862 F.2d 38, 48 (3d Cir. 1988); *Carlenstolpe v. Merck & Co., Inc.*, 819 F.2d 33, 35 (2d Cir. 1987); *Friends for All Children, Inc. v. Lockheed Aircraft Corp.*, 717 F.2d 602, 609-10 (D.C. Cir. 1983); *In re: Air Crash Disaster near Palembang, Indonesia on December 19, 1997*, 2000 WL 33593202 (W.D. Wash. 2000). It follows, of course, that Cessna's motion to dismiss should be denied.

## CONCLUSION

We have addressed all four of Cessna's principal arguments. From all that we have said, it should be apparent that the only significant connection that the plaintiffs' claims have to Italy is that the crash occurred there and Italian law may therefore apply to a number of issues in the case. That is an insufficient reason to dismiss these cases, however, because the law is settled that the need to apply the law of a foreign jurisdiction, by itself, cannot support dismissal on the ground of *forum non conveniens*:

> ... "There are, no doubt, difficulties in attempting to determine and apply foreign law; but the necessity to do so often occurs.... In such cases, the rules of the foreign law and their interpretation are simply questions of fact, and the conclusion is as reviewable as any other fact issue ... A different situation might be presented if a federal court were being asked to enforce some equitable or otherwise unusual relief peculiar to the foreign law ... [however] [t]he fact that success or failure depends upon the law of Mexico *does not, of itself, justify dismissal*." ...

*SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A.*, ___ F.3d ___, n. 11, 2004 WL 1879203 (11th Cir. 2004) (case no. 03-12572, opinion filed August 24, 2004; emphasis

- 18 -

PodhurstOrseck

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346    www.podhurst.com

in original), *quoting Burt v. Isthmus Development Co.*, 218 F.2d 353, 357 (5th Cir.), *cert. denied*, 349 U.S. 922 (1955). *Accord Boosey & Hawkes Music Publishers, Ltd. v. Walt Disney Co.*, 145 F.3d 481, 492 (2d Cir. 1998); *R. Maganlal & Co. v. M.G. Chemical Co., Inc., supra* at 169.

Most respectfully, the plaintiffs have no burden here. Their choice of forum is afforded a strong presumption of correctness, and their choice is entitled to considerable deference. It is Cessna that has the burden here, and the burden is a heavy one. Cessna has not shouldered that burden, and its motion to dismiss should be denied.

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true copy of the foregoing was mailed this 27th day of August, 2004, to all counsel listed on the attached service list.

Respectfully submitted,

PODHURST ORSECK, P.A.
25 West Flagler Street, Suite 800
Miami, Florida 33130
(305) 358-2800 / Fax (305) 358-2382
Email: jeaton@podhurst.com

By: _____
JOEL D. EATON
Fla. Bar No. 203513

Co-counsel[2]:

Gerald C. Sterns, Esq. (CSB#029976)
Sterns & Walker
901 Clay Street
Oakland, CA 94607

---

[2] Only in some of the matters, as identified on the Service List.

- 19 -

CASE NO. 03-20482-CIV-MORENO

Telephone: (510) 267-0500
Facsimile: (510) 267-0506
Email: GCS@TRIAL-LAW.com

-and-

Michael P. Verna, Esq. (CSB# 84070
Bowles & Verna
2121 No. California Blvd. #875
Walnut Creek, CA 94596
Telephone: (925) 935-3300
Facsimile: (925) 935-0371
Email: mverna@bowlesverna.com

- 20 -

PodhurstOrseck

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382 • Fort Lauderdale 954.463.4346    www.podhurst.com

## SERVICE LIST

Henry Knoblock, Esq.  
KNOBLOCK & DOHNER, P.A.  
7901 S.W. 67th Avenue, Suite 100  
Miami, Florida 33143  
Telephone: (305) 669-9965  
Facsimile: (305) 669-6169  

***Counsel for Cessna Aircraft Company***

Herman Russomanno, Esq.  
Russomanno & Borello, P.A.  
Museum Tower, Suite 2101  
150 West Flagler Street  
Miami, Florida 33130  

***Counsel for Plaintiff Barbara Brega***

Gerald C. Sterns, Esq. (CSB#029976)  
Sterns & Walker  
901 Clay Street  
Oakland, CA 94607  
Telephone: (510) 267-0500  
Facsimile: (510) 267-0506  
Email: GCS@TRIAL-LAW.com  

Michael P. Verna, Esq. (CSB# 84070)  
Bowles & Verna  
2121 No. California Blvd. #875  
Walnut Creek, CA 94596  
Telephone: (925) 935-3300  
Facsimile: (925) 935-0371  
Email: mverna@bowlesverna.com  

***Counsel for Plaintiffs Inger Marie Felthaus, Renato Cairo, Marco Cantu, Mette Friboe Garde, Laura Fogliani, Marianne Olesen, Franco Frigerio, Pasquale Padovano, Lorenzo Perrinaroli, Osvaldo Rosello, Peppino Salati, Simone Agosti, Michele Fontana, Riccardo Gioacchini, Finn Lassen, Andrea Conte, Maurizio Pesapane, Giancarlo Savio, Riccardo Poli, Massimo Prandi, Filippo Fredaroli, Valentina Giumelli, Francesco Moscatello, and Natalie Kaye Micallef***